UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GREGORY ASHFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3041 |
| | ) | |
| DR. SHAH et al,, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, currently incarcerated in Western Illinois Correctional Center, pursues claims for deliberate indifference to his broken finger. The case is in the process of discovery, with discovery closing on October 31, 2011.

Defendants have filed an unopposed motion for an order directing the release of Plaintiff's mental health records pursuant to 740 ILCS 110/10(d) of the Illinois Mental Health Confidentiality Act. They assert that this section prohibits Plaintiff's prison from releasing the documents

1

without such an order.

Plaintiff has filed no response, and, therefore, is presumed to consent to the production of his mental health records. Further, the Court agrees with Dr. Shah that the records could be relevant to his defense, as Plaintiff is claiming damages for emotional distress. However, the Court cannot enter the order proposed by Dr. Shah because the Court does not have the records before it to make the factual findings therein.

On a separate matter, Plaintiff has filed a motion for the appointment of counsel. In reviewing that motion, the Court asks, "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing* Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993). As the Seventh Circuit stated in Pruitt:

> the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every

indigent litigant.'"

Pruitt, 503 F.3d at 655 (quoted and other cites omitted).  A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors, though there are no "fixed requirements." Id. at 655.  "Intellectual capacity and psychological history, to the extent that they are known, are also relevant. The plaintiff's performance up to that point in the litigation may be some evidence of these factors, but, in the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" Santiago v. Walls, 599 F.3d 749, 762 (7th Cir. 2010), *quoting* Pruitt, 503 F.3d at 656.  The Court cannot require an attorney to accept *pro bono* appointment on a civil case such as this. Pruitt, 503 F.3d at 653 (in forma pauperis statute "'does not authorize the federal courts to make coercive appointments of counsel.'")(quoted cite omitted).

Plaintiff does not say what his education level is, but his filings have been literate and on point.  He has a modest amount of experience

in federal court, having pursued two other cases in the Northern District of Illinois, one being dismissed for failure to serve and the other settling. This claim does involve medical treatment, but the claim is not necessarily complicated. Plaintiff can describe personally the appearance of his broken finger, the pain and difficulty he experienced, his efforts to obtain treatment, and Defendants' responses. *See* Ledford v. Sullivan, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference). He should also be able to obtain his medical records from the prison and from the surgeon. Accordingly, the Court concludes that, on this record, Plaintiff appears competent to proceed *pro se*.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for the appointment of counsel is denied (d/e 38).

2. Defendant Dr. Shah's motion for an order directing the release of Plaintiff's mental health records is granted (d/e 37). The Court hereby finds that Plaintiff, through his lack of objection, has consented to the production of his mental health records to Dr.

Shah's counsel. The Court further finds that the records may be relevant to Dr. Shah's defense and are thus discoverable. Accordingly, Dr. Shah is authorized to issue a subpoena to obtain the records, and the holder of said records is authorized to disclose the records to Dr. Shah's counsel. The records that are produced shall be subject to the protective order already in place.

ENTERED:

FOR THE COURT:

          _s/Sue E. Myerscough_
          SUE E. MYERSCOUGH
         UNITED STATES DISTRICT JUDGE